UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- :
GOULD PAPER CORPORATION            :
                                   :    07-CIV-6087
            Plaintiff,             :    JUDGE CHIN
                                   :
      -against-                    :
                                   :
ALEX GOMEZ and JOHN HUEMPFNER      :
                                   :
            Defendants.            :
-------------------------------------------------- :

### DEFENDANTS' MOTION TO DISMISS FOR FORUM NON CONVENIENS OR TO TRANSFER TO FLORIDA PURSUANT TO 28 U.S.C § 1404 AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendants, Alex Gomez and John Huempfner, through undersigned counsel, and pursuant to 28 U.S.C. § 1404, hereby file their Motion to Dismiss for Forum Non Conveniens or to Transfer to Florida Pursuant to 28 U.S.C. § 1404 and state:

### Background

The Plaintiff, Gould Paper Corporation ("Gould") is a New York corporation which conducts business throughout the United States. Gould is a "paper merchant" inasmuch as it is engaged is selling various types of paper products to various entities either from a paper mill, or from its own inventory.

The Defendants, Alex Gomez and John Huempfner, were salespersons for Gould. The Defendants, who are both residents of the State of Florida, worked for Gould's Florida division, Gould Paper Florida ("GPF"). GPF serviced customers primarily in the Florida region. Additionally, GPF operated a warehouse which is located in Medley, Florida.

While "employed" by GPF, the Defendants were paid on either a "loaded" or "unloaded" commission basis. This bases the Defendants' commission on the profit GPF would make, after subtracting the cost of the paper from the sales price. Payment to the Defendants was due in Florida. In addition, it is alleged that a commission can be adjusted based upon a customer's claims, deductions or chargebacks.

On or about June 16, 2006, the Defendants resigned from GPF. At no material time were the Defendants subject to a non-competition agreement or a contractual forum selection agreement.

On or about June 28, 2007, the instant action was filed in the District Court of New York. The allegations against the Defendants are two-fold: (1) that the Defendants were given excess commission, interest and other payment in the operation of GPF, which should now be reimbursed; (2) that the Defendants diverted orders from its Florida area clients, which were meant for GPF, to a third party.

The Defendants contend that New York is an improper forum for the instant lawsuit as the Defendants work and reside exclusively in the State of Florida. More importantly, the testimonial and documentary evidence which will be required for the Defendants to mount a proper defense are located in Florida. As the corporate Plaintiff conducts business in Florida, it has the resources to prosecute this action in Florida. As such, the Defendants request that this action be dismissed for forum non conveniens or, in the alternative, that it be transferred to Florida (specifically, the Southern District) pursuant to 28 U.S.C. § 1404.

07-CIV-6087

## Memorandum of law

### A. The Case Should Be Dismissed As Forum Non Conveniens

The Doctrine of Forum Non Conveniens permits a Court to decline to exercise its jurisdiction, even if jurisdiction and venue are otherwise proper, where the convenience of the parties and the interests of justice favor dismissal. *Gulf Oil v. Gilbert*, 330 U.S. 501, 507 (1947). The court, when presented with a Motion to Dismiss for Forum Non Conveniens, must first decide what level of deference to give to the Plaintiff's choice of forum. *See HD Brous & Co. v. Synthesys Secure Tech. Inc.*, 229 F.Supp.2d 191 (E.D.N.Y. 2002)(citing *Iragorri v. United Technologies Corp*, 274 F.3d 65 (2nd Cir 2001). Second, the court must consider whether an adequate alternative forum exists. *Id.* at 196. If one does exist, the court then must weigh the, "relative convenience of the forums by evaluating certain private and public interest factors." *Id.*

Under the first analysis, the court must first decide what level of deference due to Plaintiff's choice of forum. While a Plaintiff's decision as to forum should be given great weight, it is not dispositive and may be overcome. *Iragorri*, 274 F.3rd at 65. As such, dismissal should not be automatically barred when a Plaintiff has filed in his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981). As always, "if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the Defendant or the Court, dismissal is proper." *Id.* at 256.

In the case now, Gould is operating in New York and conducts business throughout the United States, including the State of Florida. Gould is a billion dollar business that operates both nationally, including Florida and internationally. Thus, Gould's ties to the laws of New York are not exclusive. It is undisputed that both

Defendants reside in the State of Florida. It is also undisputed that, at all times pertinent, the Defendants were employed by a division of Gould named Gould Paper Florida ("GPF"), which serviced customers in the Florida and Caribbean. As a result, most, if not all, of the GPF's customers are located in Florida. At no time did the Defendants work or reside in New York. The Plaintiff's own allegations in its Complaint detail only one meeting between the Defendants and Gould which occurred in New York City on April 1, 2005. The balance of the Complaint itself details activity which occurred while the Defendants were servicing clients primarily in the Florida area.

Applying the principles as stated in *Piper Aircraft* to the case at bar, it is apparent that not only are the Defendants located in Florida, but most (if not all) of the Defendants' witnesses are also located in Florida; especially the allegations against the Defendants that the Defendants diverted orders from its Florida area clients, which were meant for GPF, to a third party. In order to prepare a proper defense, amongst other items, the Defendants would need to secure evidence and testimony of any and all payments, chargebacks, credits, and sales orders from its Florida area customers, which are located in Florida. Additionally, Defendants would need testimony and documentation to controvert any argument that sales were diverted from GPF. Most of the documentary evidence would be in the possession of these clients in Florida. In addition, GPF's warehouse is located in Florida, which contains some of the documentary evidence required. Moreover, it would create a heavy burden upon the Defendants to compel numerous Florida witnesses to travel to New York to testify, including the Defendants themselves.

To further dilute the Plaintiff's deference to forum, a major factor of consideration by the Court is the availability of appropriate legal assistance in the chosen forum. *Iragorri*, 274 F.3d at 72. As such, "the more it appears that the Plaintiff's chose…of forum was motivated by forum shopping reasons, such as attempts to win a tactical advantage…or the inconvenience and expense to the defendant resulting from litigation in that forum-the less deference the plaintiff's choice commands and, consequently, the easier it becomes for the defendant to succeed on a forum non conveniens motion…" *Id.* A further dilution of deference is caused when the operative facts of the case have little connection with the district where the suit is pending. *See e.g. Arrow Electronics, Inc. v. Ducommun, Inc.*, 724 F. Supp 264 (S.D.N.Y 1989).

As stated, in the case at bar, both Defendants work and reside in the State of Florida. As a result, their preference of legal counsel would also be located in the State of Florida. To force the Defendants and their counsel to litigate in New York would create such a tactical advantage for the Plaintiff, as well as an inconvenience for the Defendants, that the *Iragorri* factors would require dismissal. It is important for the Court to recognize that there is no contractual forum selection clause in the case at bar. Thus, the Defendants have not bound themselves to the New York courts or law. To the contrary, as the Defendants and GPF are located in Florida, it may be more appropriate to apply *Florida* law to the claims than New York. As a result, the operative facts of the instant case have little (or no) connection to New York, which further dilutes the Plaintiff's preference of forum. It is clear, based upon all of the announced reasons, that the Plaintiff's deference of forum should be given little weight by this Court in deciding if dismissal is appropriate.

Having demonstrated a dilution of preference, the Court, in its second analysis, must consider if an adequate alternative forum exists. *HR Brous*, 229 F. Supp.2d at 196. An alternative forum is adequate if: (1) the Defendants are subject to service of process there and; (2) the forum permits litigation of the subject matter of the dispute. *Id.*

In the case now, it is undisputed that the Defendants are residents of the State of Florida. Thus, the first factor is clearly met as the Defendants would be subject to process in Florida. Second, as stated previously, there is no contractual forum selection clause signed by the Defendants (nor is one alleged) which would bind them to the New York courts of law. Therefore, there is no doubt that the Plaintiff may litigate the instant dispute in Florida. Even assuming, *arguendo*, that New York law applied to the case at bar (which it does not), the Florida Courts have the power to apply New York law. *Id.* As such, it is clear that Florida offers an adequate alternative forum.

Having decided that an adequate alternative forum exists, the Court must finally weigh the public and private interest factors to determine the interests of justice. The public interest factors are: (1) settling local disputes in a local forum; (2) avoiding the difficulties of applying foreign law and; (3) avoiding the burden on jurors by having them decide cases that have no impact on their community. *Gilbert*, 330 U.S. at 508-509. As the Supreme Court explained:

> Administrative difficulties follow for Courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that not ought to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in

> having the trial of a diversity case in a forum that is at home with state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

In applying these public principles to the facts of the case at bar, it is clear that they shift in favor of the Defendants. It is undisputed that the Defendants are residents of the State of Florida. More importantly, the Defendants worked exclusively at the Plaintiff's GPF division which is located in Florida, and serviced Florida clients in Florida. As such, the torts of which the Defendants are accused would have accrued in Florida, thus making Florida law applicable and the appropriate local forum. Also, by dismissing the action for forum non conveniens, this Court avoids having to settle Florida law in the New York courts.

The private interest factors that the Court must weigh are: (1) the relative ease of access to evidence; (2) the cost to transport witnesses to trial; (3) the availability of the compulsory process for unwilling witnesses and; (4) other factors which make the trial more expeditious or less expensive. *HD Brous*, 229 F.Supp.2d at 197. In considering these factors, the court is, "necessarily engaged in a comparison between the hardships defendant would suffer through the retention of jurisdiction and the hardships the plaintiff would suffer as a result of dismissal..." *Iragorri*, 274 F.3d at 74.

In the case now, all of the private interest factors favor the Defendants and dismissal. Here, a major dispute revolves around the Defendants' retention of commissions as they relate to payments and credits due their Florida clients. Therefore, the Defendants would require access to these local Florida clients, as well as their credit and payment reports. Additionally, Defendants would need testimony and documentation to controvert any argument that sales were diverted from GPF. As such, a great deal of

7

the documentary evidence (which will most likely be voluminous), as well as authenticating witnesses, would be located in Florida. In addition, GPF's warehouse is located in Florida, which contains some of the documentary evidence required. If litigated in New York, the Defendants may not have the ability to compel unwilling witnesses to New York, if they choose. For those witnesses who are willing to testify willingly, the cost of travel has great potential to be preventative. As previously stated, the Defendants are individual Florida residents. Therefore, the trial would be more expeditious and less expensive to litigate where most of the witnesses and the Defendants themselves are located. Finally, the Plaintiff is a large corporation which conducts business throughout the United States, including Florida. It has the resources to bring lawsuits and litigate in most jurisdictions where it conducts business, including Florida. As such, the hardship for the Plaintiff, if the Court dismissed this action would merely be the cost of filing. Contrarily, should the Court not dismiss, the hardships due the Defendants would be considerable, as they would be forced to litigate at great cost (including, but not limited to, travel) and without potential witnesses. In the balance of these factors, the scale does not tip – it falls in favor of the Defendants.

In the final analysis, it is clear that little deference should be given to the Plaintiff's choice of forum, that a viable alternative forum exists, and the balance of the interests clearly require dismissal.

### B. The Case Should Be Transferred Pursuant to 28 U.S.C. 1404

In the alternative, the Defendants request the transfer of this matter to the United States District Court for the Southern District of Florida. Courts have generally held that if the doctrine of forum non conveniens is inapplicable, and dismissal is inappropriate,

transfer to another federal forum is possible. *See, Nun v. Telectroniocs Pacing Systems, Inc.*, 1994 WL 361488 (S.D.N.Y 1994). Section 1404(a) of the United States Code provides that a district court may transfer any civil action, "for the convenience of the parties and witnesses", to any other district or division where the action might have been brought. *28 U.S.C. § 1404(a)* (2007). Under this section, the Court must determine applicability on an individualized, case by case consideration of convenience and fairness. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1964). The core determination under § 1404(a) for transfer of action to another district court in interest of justice is center of gravity of litigation, a key test which is the convenience of witnesses. *See Viacom International, Inc. v. Melvin Simon Productions*, Inc., 774 F. Supp 858 (S.D.N.Y 1991). A Motion to Transfer is governed by a two-part test: (1) whether the action could have been brought in the transferee venue and; (2) whether the balance of conveniences and justice favors transfer. *See e.g. KMPG Consulting, Inc. v. LSQ*, 2002 WL 1543907 (S.D.N.Y 2002).

In the case now, there is little doubt that the action could have been brought in Florida as the Plaintiff has significant ties to Florida, and conducts business in Florida. Also, by the Plaintiff's own allegations, the Defendants worked for the GPF division, which was located in Florida. Therefore, the torts of which the Defendants are accused of committing would have occurred in Florida and be bound by Florida law. As there is no contractual forum selection clause signed by the Defendants (nor is one alleged) the Defendants would not be exclusively subject to the New York courts or law. Finally, it is undisputed that the individual Defendants are residents of Florida. As such, it is clear that this action could have been brought in Florida.

Having demonstrated that this action could have been brought in Florida, the transfer would depend on the balance of convenience and justice. *Id.* A non-exclusive list of factors that the Court should review includes: (1) the convenience of witnesses; (2) the relative access to sources of proof; (3) the place where the operative facts occurred; (4) the availability of process for unwilling witnesses; (4) trial efficiency; and (5) the Plaintiff's choice of forum. *Viacom*, 774 F.Supp at 867-868. It is important to note that when the operative facts of the case have little connection to the district where the suit is pending, the Plaintiff's choice of forum is weakened. *Id.*

In the case now, the balance of convenience clearly favors the Defendants. By the Plaintiff's own allegations, the Defendants worked for the GPF division, which was located in Florida. Most of the Defendants' clients are also located in Florida. Therefore, the torts of which the Defendants are accused of committing would have occurred in Florida. Other than one meeting which may have occurred in New York, none of the allegations in the Plaintiff's complaint (although untrue) are alleged to have occurred in New York. Therefore, not only is Florida the place where the operative facts occurred, but it is the forum which provides for the most trial efficiency. As Florida is the forum where the operative facts occurred, the Plaintiff's choice of New York as a forum should be given very little weight as stated in *Viacom*.

The convenience of the witnesses clearly calls for Florida as an appropriate forum. A major allegation in the Complaint revolves around the Defendants' alleged retention of overpaid commissions as they relate to payments and credits due their Florida clients. Therefore, the Defendants would require access to these local Florida clients (who will likely be called to testify), as well as their credit and payment reports.

As such, a great deal of the documentary evidence (which will most likely be voluminous), as well as the authenticating witnesses, would be located in Florida. Therefore, the Defendants' access to proof would be logistically limited if litigated in New York. Additionally, if litigated in New York, the Defendants may not have the ability to compel unwilling witnesses to New York, if they choose. For those witnesses who are willing to testify willingly, the cost of travel has great potential to be preventative. Finally, the Plaintiff is a large corporation which conducts business throughout the United States, including Florida. It has the resources at its disposal to litigate in Florida at little or no extra cost. The Defendants, on the other hand, are individuals who would be severely limited, both logistically and financially, if the suit were allowed to continue in New York. As such, the interest of justice factor clearly falls on the side of the Defendants. If the Court does not dismiss, the hardships due the Defendants would be considerable, as they would be forced to litigate at great cost (including, but not limited to, travel) and without potential witnesses.

In the final analysis, the Defendants have clearly shown that (1) the action could have (and should have) been brought in Florida and; (2) the balances of convenience favor transfer of this action to Florida.

WHEREFORE, the Defendants Alex Gomez and John Huempfner, respectfully request this Honorable Court grant their Motion to Dismiss for Forum Non Conveniens or to Transfer to Florida Pursuant to 28 U.S.C. § 1404 and for such other and further relief this Court deems just and proper.

07-CIV-6087

Respectfully submitted,

SILVERBERG & ASSOCIATES, P.A.
Attorneys for Defendants
2665 Executive Park Drive, Suite 2
Weston, Florida 33331
Telephone: (954) 384-0998
Facsimile: (954) 384-5390

And

Rothman, Schneider, Soloway & Stern, LLP
100 Lafayette Street, Suite 501
New York, New York 10013
Phone Number: (212) 571-5500
Fax Number: (212) 571-5507

By: _____
Franklin A. Rothman
NY Bar No. FR9553

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendants' Motion to Dismiss for Forum Non Conveniens or to Transfer to Florida Pursuant to 28 U.S.C § 1404 and Memorandum of Law in Support Thereof has been sent by facsimile and US Mail this ___14th___ day of August, 2007 to Jack Hassid, Esq., 460 Park Avenue, 10th Floor, New York, New York 10022.

By: _____
Franklin A. Rothman

12