UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
GOULD PAPER CORPORATION,

          Plaintiff,                      07 CIV. 6087 (DC)

                                        ECF CASE

          -against-

ALEX GOMEZ and JOHN HUEMPFNER,

          Defendants.

------------------------------ x

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO TRANSFER

### Preliminary Statement

Plaintiff Gould Paper Corporation ("Gould") submits this Memorandum of Law in opposition to Defendants' motion pursuant to 28 U.S.C. § 1404 to dismiss this action for forum non conveniens or to transfer to Florida.

Defendants do not dispute that venue in this district is proper and that they are subject to personal jurisdiction in New York on the claims asserted in the Complaint.[1] They essentially argue that this action should be transferred to Florida because it would be a more convenient forum for them than New York. For the reasons set forth below, this is an insufficient basis upon which to disturb Plaintiff's choice of venue.

---

[1] At the pre-motion conference held on August 24, 2007, Defendants' counsel acknowledged that he was not contesting jurisdiction.

## BACKGROUND

Gould is a New York corporation with its principal offices located at 11 Madison Avenue, New York, N.Y. Gould is what is known in the trade as a paper merchant. It is engaged in the business of selling various types of paper used in business, publishing and in the printing trades. Gould services its customers in two ways: either arranging for paper to be shipped directly from the mill to the customer; or from its own inventory.

This action arises out of the operations of Gould's unincorporated division, Gould Paper Florida ("GPF"), located in Miami, Fl., which services Gould's customers in Florida and the Carribean. Defendants Alex Gomez ("Gomez") and John Huempfner ("Huempfner") were Gould salespersons operating out of GPF and were responsible for managing GPF.

On April 1, 2005, a meeting was held at Gould's offices in New York among Gomez, Huempfner, Carl Matthews, Gould's Executive Vice President and Michael Duncan, President of the Gould National Division and Defendants' immediate superior, to discuss losses in the GPF division and how to address them. Among other things, it was decided that Defendants' commission rates would be adjusted to 40% unloaded on "mill direct" sales, i.e., sales in which paper is shipped directly from the mill to the customer; and 30% on warehouse sales, i.e., sales in which paper is shipped out of Gould's warehouse in Medley, Fl. (Ex. C[2]).

Defendants left Gould's employ on June 16, 2006, to work for a competitor, the Anderson Paper Division of E. Aaron Enterprises, Inc. ("Aaron Enterprises"). It was thereafter learned that numerous of Defendants' sales after April 1, 2005, were miscoded in Gould's computers as mill

---

[2] All exhibit references are to the exhibits annexed to the Declaration of Carl Matthews dated September 14, 2007.

direct rather than warehouse sales, enabling Defendants to receive substantial excess commissions. In addition, the commissions that Defendants earned prior to their leaving Gould were subject to certain chargebacks arising from customer claims, credits, etc. in accordance with the company's established practices. Gould also learned that in the weeks prior to his resignation, Gomez breached his fiduciary duties to Gould by directing orders from one of his customers, Carribean Forms Manufacturing, Inc. ("CFM"), to his new employer, Aaron Enterprises.

This action was commenced when Defendants refused Gould's request to repay the monies they owed. (Ex. B.)

## ARGUMENT

## THE MOTION TO TRANSFER SHOULD BE DENIED

Defendants face a heavy burden on their motion to transfer pursuant to 28 U.S.C. § 1404:

> In ruling on a motion to transfer venue, the trial judge is to give the plaintiff's choice of venue substantial consideration. . . . The burden rests on the moving party to make a "clear and convincing" showing that transfer under Section 1404(a) is proper. [citation omitted]. The Court must defer to the plaintiff's choice of forum unless the balance of convenience and justice weighs heavily in favor of defendant's proposed forum.

*Houlihan Lokey Howard & Zukin Capital, Inc. v. Protective Group, Inc.*, 2005 WL 3367044, *3 (S.D.N.Y. 2005)(Chin, J.). "Plaintiff's choice of forum is to be respected whenever a transfer would merely shift the inconvenience from one party to another." *Capitol Records, Inc. v. Kuang Dyi Co. of RM,* 2004 WL 405961, *3 (S.D.N.Y. 2004). *See Prudential Securities, Inc. v. Norcom Development, Inc.*, 1998 WL 397889, *3 (S.D.N.Y. 1998)(Chin, J.)[plaintiff's choice of venue should be given "substantial consideration".].

In *Prudential Securities, supra*, this Court identified the factors which should be considered on a motion to transfer:

> Indeed, the district court should disturb the plaintiff's choice of forum only if, on balance, the following factors favor transfer: (1) the convenience of witnesses; (2) the convenience of parties; (3) the locus of operative facts (*i.e.,* the place where the events at issue occurred); (4) the location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the relative financial means of the parties; (8) calendar congestion and trial efficiency; and (9) the interests of justice generally.

1998 WL 397889, *3.

New York clearly is more convenient for the witnesses who are likely to testify. Gould has identified the following eight individuals as potential witnesses, all of whom are located in New York:

- <u>Carl Matthews</u>  Executive Vice President. He attended the meeting on April 1, 2005, with Defendants at which their new commission arrangements were agreed to and sent a confirming email. (Ex. C). He also had numerous communications with Defendants over the years regarding GPF, its profitability, expenses and their commissions. In addition, he has supervisory authority over GPF and is fully familiar with its business and financial condition.

- <u>Harry E. Gould, Jr</u>. Gould's owner and Chief Executive Officer. He was personally involved in the major decisions relating to the business of GPF and participated in the decision to change Defendants' commission arrangement.

- <u>Michael Duncan</u>. Mr. Duncan is President of the Gould National Division and was Defendants' immediate supervisor. He attended the meting of April 1, 2005, and participated

in the decision to change Defendants' commission arrangement. Mr. Duncan is also knowledgeable about GPF's business and performance during the relevant period covered by the Complaint.

- Michael Ritter. Vice President of Credit Operations. He can testify concerning credits and write-offs that comprise certain of the chargebacks to Defendants' commissions.

- Paul Collins. Vice President Logistics. Mr. Collins was supervised the reconstruction of Defendants' sales and commissions after they left Gould's employ. He has relevant testimony as to how Defendants mis-coded certain of their sales as mill direct rather than as warehouse sales in order to earn excess commissions.

- Robert Hartman. Controller. His department is responsible for the calculation of Defendants' commissions and the generation of their commission statements.

- Constantin Dardic. Assistant Controller. Participated in the reconstruction of the amounts due from Defendants as a result of their mis-coding of sales and other chargebacks.

- Frank Kinsella. Was the Customer Service Representative for Defendants during the relevant time period. Mr. Kinsella was responsible for processing Defendants' orders in Gould's order processing system.

Contrary to Defendants' contentions, their Florida-based customers are unlikely to be witnesses because the question of whether particular sales were mill direct or warehouse sales can be determined from Gould's records which are located in New York. In any event, if any Florida witnesses need to be deposed it will not be inconvenient for Defendants and their lead counsel as they are located in Florida.

Two third party witnesses who have been identified–Aaron Enterprises and CFM–are just as readily subpoenaed and deposed out of New York as out of Florida. Aaron Enterprises is located in a suburb of Philadelphia and CFM is in San Juan, P.R.

Since the bulk of the witnesses and documents are located in New York, this is a much more convenient forum for the parties than Florida. The individuals and documents may readily be brought to Foley Square rather than flown to Miami. Travel to New York is also not unduly burdensome or expensive for Defendants who often came to New York for meetings at Gould's headquarters and stayed at the Waldorf-Astoria Hotel. "Where transfer merely serves to shift the inconvenience from one party to the other, the plaintiff's choice of forum should not be disturbed." *Snyder v. Madeira Broadcasting, Inc.*, 872 F.Supp. 1191, 1200 (E.D.N.Y. 1995). *Accord*, *Toy Biz, Inc. v. Centuri Corp.*, 990 F.Supp. 328 (S.D.N.Y. 1998)[a defendant's motion to transfer should be denied where it is "essentially attempting to shift the inconveniences to the plaintiff. . . . If the location of [defendant] and its witnesses were enough to compel transfer, plaintiff's choice of forum would have little meaning."].

The locus of the operative facts took place in New York, namely the meeting of April 1, 2005, at which Defendants' commission rates were changed. *See Arthur Metzler & Associates Consulting Engineers, P.C. v. Group Goetz Architects, P.C.*, 2002 WL 764745 (S.D.N.Y. 2002)(Chin, J.)[transfer denied when the more significant events took place in New York]. *See Becker v. DPC Acquisition Corp.*, 2001 WL 246385 (S.D.N.Y. 2001).

## **CONCLUSION**

For all of the foregoing reasons, Defendants' motion to dismiss for forum non conveniens or to transfer to Florida pursuant to 28 U.S.C. § 1404 should be denied in its entirety.

Dated: New York, N.Y.
      September 14, 2007

JACK HASSID, ESQ.

*/s/ Jack Hassid*
Jack Hassid, Esq. (JH8073)
Attorney for Plaintiff
460 Park Avenue - 10th Floor
New York, N.Y. 10022
(212) 421-4932