UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC T OF NEW YORK

----------------------------------------------------- :

GOULD PAPER CORPORATION      :

                                         :            07-CIV-6087

            Plaintiff,           :            JUDGE CHIN

                                         :

       -against-            :

                                         :

ALEX GOMEZ and JOHN HUEMPFNER  :

                                       :

          Defendants.        :

----------------------------------------------------- :

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS FOR FORUM NON CONVENIENS
<u>OR TO TRANSFER TO FLORIDA PURSUANT TO 28 U.S.C § 1404</u>**

      Defendants, Alex Gomez and John Huempfner, through undersigned counsel, and pursuant to 28 U.S.C. § 1404, hereby file their Reply Memorandum in Support of their Motion to Dismiss for Forum Non Conveniens or to Transfer to Florida Pursuant to 28 U.S.C. § 1404 and state:

<u>**Background**</u>

      The Defendants reassert and reallege the facts and background already provided in their initial Memorandum of Law in Support of their Motion to Dismiss and/or to Transfer, but would also add the following:

      The Plaintiff, Gould Paper Corporation ("Gould") has filed a Memorandum of Law in opposition to Defendants' Motion to Transfer. That document consists of names of potential witnesses of the Plaintiff. It is important to note that every individual on the Plaintiff's list are employees of the Plaintiff, and not customers or third parties who would require a subpoena. Also, the Plaintiff cannot dictate to the Defendants who they choose to call as witnesses for their defense, as they impermissibly attempt to do in their Opposition Memorandum.

It is also important for the Court to recognize that Defendants' original Motion had two components: (1) a Motion to Dismiss for Forum Non-Conveniens; and (2) a Motion to Transfer. In Plaintiff's Opposition Memorandum, they do not challenge or raise any argument regarding Defendants' Motion to Dismiss, only the Motion to Transfer. Even in their argument with regard to the Motion to Transfer, they raise no new issues or competing case law. In short, Plaintiff's Opposition Memorandum is woefully inadequate in its challenge to Defendants' argument that the matter should be dismissed and/or moved to Florida.

## Reply Memorandum of law

### A. The Case Should Be Dismissed As Forum Non Conveniens

As stated, Plaintiff has failed to address the Defendants' Motion to Dismiss in its Opposition Memorandum, but has utilized a similar analysis in its Opposition to the Motion to Transfer. As the Court is aware, they are two separate Motions.

The Doctrine of Forum Non Conveniens permits a Court to decline to exercise its jurisdiction, even if jurisdiction and venue are otherwise proper, where the convenience of the parties and the interests of justice favor dismissal. *See, Gulf Oil v. Gilbert*, 330 U.S. 501, 507 (1947). The Court, when presented with a Motion to Dismiss for Forum Non Conveniens, must decide what level of deference to give to the Plaintiff's choice of forum. *See, HD Brous & Co. v. Synthesys Secure Tech. Inc*., 229 F.Supp.2d 191 (E.D.N.Y. 2002)(citing *Iragorri v. United Technologies Corp*, 274 F.3d 65 (2nd Cir 2001). Second, the Court must consider whether an adequate alternative forum exists. *Id*. at 196. If one does exist, the Court then must weigh the "relative convenience of the forums by evaluating certain private and public interest factors." *Id*.

Under the first analysis, the Court must first decide what level of deference due to Plaintiff's choice of forum. As stated by the Plaintiff, while it is true that a Plaintiff's decision as

to forum should be given great weight, it is not dispositive and may be overcome. *See*, *Iragorri*, 274 F.3rd at 65. Plaintiff fails to notify the court in its Opposition Memorandum that these are major exceptions to the general rule. As such, dismissal should not be automatically barred when a Plaintiff has filed in his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981). As previously stated, "if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the Defendant or the Court, dismissal is proper." *Id.* at 256.

In the case now, it is important to reiterate that Gould is a giant corporation that conducts a billion dollars worth of business throughout the world, including a Florida entity. As such, its resources are *insurmountable* as compared to the individual Defendants.

It is undisputed in Plaintiff's Opposition Memorandum that both Defendants reside in the State of Florida and worked with a division of Gould named Gould Paper Florida ("GPF"), which serviced customers in the Florida and Caribbean. As a result, most, if not all, of the GPF's customers are located in Florida and they are not employees of GPF. Their names on behalf of the Defendants are attached hereto and incorporated herein as "Exhibit A". No less, former Gould/GPF employees would be relevant to this matter and last known addressed are in Florida. Even on those extremely rare occasions when the Defendants traveled to New York, their travel and lodging was always paid for by GPF. A true and correct copy of Defendant's travel logs are attached hereto and incorporated herein as "Exhibit B".

It is important to note that *every* individual on the Plaintiff's list are employees of the Plaintiff, and not customers or third parties who would require a subpoena. Again, these witnesses are at the dominion and control of the Plaintiff (as employees) and not even *remotely*

subjected to the same level of inconvenience as the Defendants should the matter remain in New York.

Plaintiff has failed to address Defendants' application and analysis of *Piper Aircraft* to the case at bar. Instead, Plaintiff merely attempts to dictate whom the Defendants may call as witnesses. Nothing could be further from the truth in the *Piper Aircraft* analysis, which puts emphasis on the burden caused to the Defendants, who are forced (though little means) to defend against a billion dollar company with non-exhaustive means. In short, Plaintiff is wrongfully attempting to manipulate the Count into believing that the only important witnesses to the case are Plaintiff's witnesses (who are all employees of Plaintiff).

To reiterate their position, in applying the principles as stated in *Piper Aircraft* to this case, it is apparent that not only are the Defendants located in Florida, but most (if not all) of the Defendants' non-party witnesses are also located in Florida; especially the allegations against the Defendants that the Defendants diverted orders from its Florida area clients, which were meant for GPF, to a third party. In order to prepare a proper defense, amongst other items, the Defendants would need to secure evidence and testimony of any and all payments, chargebacks, credits and sales orders from its Florida area customers, which are located in Florida. Additionally, Defendants would need testimony and documentation to controvert any argument that sales were diverted from GPF (Gould-Florida). Most of the documentary evidence would be in the possession of these clients in Florida. In addition, GPF's warehouse is located in Florida, which contains some of the documentary evidence required. Moreover, it would create a heavy burden upon the Defendants to compel numerous Florida witnesses to travel to New York to testify, including the Defendants themselves. Also, more likely than not, the Defendants would

be forced to open an Ancillary Proceeding in Florida *anyway*, for the purpose of subpoenaing Florida witnesses.  This creates double the burden and cost on the Defendants.

Despite Plaintiff's allegation that the Defendants have the financial means to litigate in New York, it is again important to point out that the only material times the Defendants traveled to New York, it was paid for by the Plaintiff.

The Plaintiff's Opposition Memorandum also fails to address Defendants' argument that its chosen legal counsel is located in Florida.  To force the Defendants and their counsel to litigate in New York would create such a tactical advantage for the Plaintiff, as well as an impermissible inconvenience for the Defendants.   It is clear, based upon all of the announced reasons, that the Plaintiff's deference of forum should be given little weight by this Court in deciding if dismissal is appropriate, and Plaintiff's Opposition Memorandum does not supply the Court with even a minutia of a viable argument against dismissal.

Having demonstrated a dilution of preference, the Court, in its second analysis, must consider if an adequate alternative forum exists.  *See*, *HR Brous*, 229 F. Supp.2d at 196.  An alternative forum is adequate if: (1) the Defendants are subject to service of process there; and (2) the forum permits litigation of the subject matter of the dispute.  *Id.*

In the case now, the Plaintiff has failed to address this argument and there clearly exists this adequate forum in the Southern District of Florida and therefore, it is undisputed that Florida is a viable alternative forum.

In the final analysis, it is clear that little deference should be given to the Plaintiff's choice of forum, that a viable alternative forum exists, and the balance of the interests clearly require dismissal.

### B.  The Case Should Be Transferred Pursuant to 28 U.S.C. 1404

In the alternative to dismissal, the Defendants have requested the transfer of this matter to the United States District Court for the Southern District of Florida.  Courts have generally held that if the doctrine of forum non conveniens is inapplicable, and dismissal is inappropriate, transfer to another federal forum is possible.  *See, Nun v. Telectroniocs Pacing Systems, Inc.*, 1994 WL 361488 (S.D.N.Y 1994).   Section 1404(a) of the United States Code provides that a district court may transfer any civil action, "for the convenience of the parties and witnesses", to any other district or division where the action might have been brought.  *28 U.S.C. § 1404(a)* (2007).    Under this Section, the Court must determine applicability on an individualized, case by case consideration of convenience and fairness.  *See, Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1964).  The core determination under § 1404(a) for transfer of action to another district court in interest of justice is center of gravity of litigation, a key test which is the convenience of witnesses.  *See, Viacom International, Inc. v. Melvin Simon Productions*, Inc., 774 F. Supp 858 (S.D.N.Y 1991).  A Motion to Transfer is governed by a two-part test: (1) whether the action could have been brought in the transferee venue and; (2) whether the balance of conveniences and justice favors transfer.  *See, e.g. KMPG Consulting, Inc. v. LSQ*, 2002 WL 1543907 (S.D.N.Y 2002).  Additionally, the "relevant means of the parties may be relevant in determining whether to grant a motion to transfer".  *See, American Eagle Outfitters, Inc, v. Tala Brothers*, 457 F. Supp.2d 474 (S.D. New York 2006).

In the case now, it cannot be stressed enough that this is a case where David is being forced to fight Goliath in Goliath's Kingdom without the slingshot.  There is little doubt, nor is it even contradicted, that the action could have been brought in Florida as the Plaintiff has

significant ties to Florida, and conducts business in Florida.  Plaintiff's Opposition Memorandum makes no argument which would overcome Defendants' inconvenience and the inconvenience of the witnesses.  Instead, the Plaintiff takes the unbelievable stance that its witnesses are the only important witnesses to the case and attempts to dictate which witnesses the Defendants may call in aid of their defense.  Yet, in the *American Eagle* analysis, it is clear that it should be the relative means of the Defendants which are important, as the Plaintiff clearly has the greater means to prosecute in any state, including Florida.

In the case now, the balance of convenience clearly favors the Defendants. By the Plaintiff's own allegations in its complaint and Opposition Memorandum, the Defendants worked with the GPF division, which was located in Florida.  Most of the Defendants' clients (non-parties) are also located in Florida.  Therefore, the torts of which the Defendants are accused of committing would have occurred in Florida.  Other than one meeting which may have occurred in New York (of which Plaintiff paid for travel), none of the allegations in the Plaintiff's complaint (although untrue) are alleged to have occurred in New York.  Therefore, not only is Florida the place where the operative facts occurred, but it is the forum which provides for the most trial efficiency.   As Florida is the forum where the operative facts occurred, the Plaintiff's choice of New York as a forum should be given very little weight as stated in *Viacom*.

The convenience of the witnesses clearly calls for Florida as an appropriate forum.  It is significant to point out again, that Plaintiff's witness list contains all *employees of the Plaintiff*. While the Plaintiff has the sure ability to dictate the actions of these employee witnesses, the Defendants will be forced to subpoena their non-party witnesses and pay for travel.  More importantly, there is little chance that an employee *won't* testify on the behalf of its employer, while the Defendants will be forced to compel compliance in an inconvenient forum if they are

met with resistant witnesses.  These witnesses may include authenticating witnesses of the numerous documents (also located in Florida) which would be required for Defendants to adequately defend themselves.  These issues are not adequately addressed by the Plaintiff's Opposition Memorandum.

In the final analysis, the Defendants have clearly shown that (1) the action could have (and should have) been brought in Florida; and (2) the balances of convenience favor transfer of this action to Florida.

WHEREFORE, the Defendants Alex Gomez and John Huempfner, respectfully request this Honorable Court grant their Motion to Dismiss for Forum Non Conveniens or to Transfer to Florida Pursuant to 28 U.S.C. § 1404, and for such other and further relief this Court deems just and proper.

Respectfully submitted,

SILVERBERG & ASSOCIATES, P.A.
Attorneys for Defendants
2665 Executive Park Drive, Suite 2
Weston, Florida  33331
Telephone:  (954) 384-0998
Facsimile:  (954) 384-5390

And

Rothman, Schneider, Soloway & Stern, LLP
100 Lafayette Street, Suite 501
New York, New York  10013
Phone Number:  (212) 571-5506
Fax Number: (212) 571-5507

By: *s/Paul K. Silverberg*
        Paul K. Silverberg
        Appearing Pro Hac Vice

07-CIV-6087

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically by using the CM/ECF system and has been furnished using the same sent by facsimile and US Mail this 24th day of September, 2007 to Jack Hassid, Esq., 460 Park Avenue, 10th Floor, New York, New York  10022.

By: _s/Paul K. Silverberg_____