UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

GOULD PAPER CORPORATION,

                     : 

          Plaintiff,                        07 CIV. 6087 (DC)

                     :

                             _____ECF CASE___

        -against-                 :

                             REPLY

                     :

MADISEN CORP. and AMRON PAPER, INC.,

                     :

        Defendants.

                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

       Plaintiff Gould Paper Corporation ("Gould"), by its attorney Jack Hassid, Esq., for its reply to the counterclaims of defendants, states:

       1.      As to the allegations set forth in Paragraph 1, admits that defendants purport to invoke the subject matter jurisdiction of the court.

       2.      As to the allegations set forth in Paragraph 2, admits that defendants purport to allege that venue is proper in this district.

       3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

       4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

       5.      Admits the allegations of Paragraph 5.

       6.      Admits the allegations of Paragraph 6.

       7.      Admits the allegations of Paragraph 7.

       8.      Admits the allegations of Paragraph 8.

9.      Denies each and every allegation contained in Paragraph 9.

10.     Denies each and every allegation contained in Paragraph 10.

11.     Denies each and every allegation contained in Paragraph 11.

12.     Admits the allegations of Paragraph 12.

13.     With respect to the allegations of Paragraph 13, respectfully refers to the Gould Policy Manual for its terms and provisions.

14.     Denies each and every allegation contained in Paragraph 14, except admits that Madisen and Amron ceased to be independent sales representatives for Gould during June, 2006.

15.     Denies each and every allegation contained in Paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.     Denies each and every allegation contained in Paragraph 18.

19.     Denies each and every allegation contained in Paragraph 19.

20.     Denies each and every allegation contained in Paragraph 20, except admits that Madisen and Amron ceased to be independent sales representatives for Gould during June, 2006.

21.     Denies each and every allegation contained in Paragraph 21.

22.     Denies each and every allegation contained in Paragraph 22.

23.     Denies each and every allegation contained in Paragraph 23.

24.     Denies each and every allegation contained in Paragraph 24.

25.     Denies each and every allegation contained in Paragraph 25.

26.    Denies each and every allegation contained in Paragraph 26.

27.    Denies each and every allegation contained in Paragraph 27, except admits that

Madisen and Amron ceased to be independent sales representatives for Gould during June, 2006.

28.    Denies each and every allegation contained in Paragraph 28.

29.    Makes no response to the allegations of law set forth in Paragraph 29.

30.    Denies each and every allegation contained in Paragraph 30.

31.    Denies each and every allegation contained in Paragraph 31.

32.    Denies each and every allegation contained in Paragraph 32.

33.    Denies each and every allegation contained in Paragraph 33.

34.    Denies each and every allegation set forth in Paragraph 34, except admits that

Madisen and Amron ceased to be independent sales representatives for Gould during June, 2006.

35.    Denies each and every allegation contained in Paragraph 35.

36.    Denies each and every allegation contained in Paragraph 36.

37.    Denies each and every allegation contained in Paragraph 37.

38.    Denies each and every allegation contained in Paragraph 38.

39.    Denies each and every allegation contained in Paragraph 39.

40.    Denies each and every allegation contained in Paragraph 40.

41.    Denies each and every allegation contained in Paragraph 41.

42.    Denies each and every allegation contained in Paragraph 42.

43.    Denies each and every allegation set forth in Paragraph 43, except admits that

Madisen and Amron ceased to be independent sales representatives for Gould during June, 2006.

44.    Denies each and every allegation contained in Paragraph 44.

45.     Denies each and every allegation contained in Paragraph 45.

46.     Denies each and every allegation contained in Paragraph 46.

47.     Denies each and every allegation contained in Paragraph 47.

48.     With respect to the allegations of Paragraph 48, respectfully refers to the Gould Policy Manual for its terms and provisions.

49.     Denies each and every allegation contained in Paragraph 49.

50.     With respect to the allegations of Paragraph 50, admits that it knew of the provisions of Section 1.3 of the Gould Policy Manual but denies defendants' interpretation thereof.

51.     Admits the allegations of Paragraph 51.

52.     Admits the allegations of Paragraph 52.

53.     Denies each and every allegation contained in Paragraph 53.

54.     Denies each and every allegation contained in Paragraph 54.

55.     Denies each and every allegation contained in Paragraph 55.

56.     Denies each and every allegation contained in Paragraph 56.

## FIRST AFFIRMATIVE DEFENSE

57.     Counts One, Two, Three, Four and Five fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

58.     Count Three fails to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

59.    Defendants' claims may be barred in whole or in part by the Statute of Limitations.

WHEREFORE, plaintiff demands judgment as follows:

A.    Dismissing defendants' counterclaims.

B.    The costs and disbursements of this action.

C.    Such other and further relief as to the Court may seem just and proper.

Dated: New York, N.Y.
        May 22, 2008


                                          JACK HASSID, ESQ.


                                           /s/ Jack Hassid, Esq.
                                          Jack Hassid, Esq. (JH8073)
                                          Attorney for Plaintiff
                                          460 Park Avenue - 10th Floor
                                          New York, N.Y. 10022
                                          (212) 421-4932


TO:

SILVERBERG & WEISS, P.A.
Attorneys for Defendants
2665 Executive Park Drive, Ste. 2
Weston, FL 33331